**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **WILLIE JAMES ATMORE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:26-cv-00041-CAR-CHW** |
| **v.** | : | |
| | : | |
| **Judge DAVID L. MINCEY, III.,** *et al.,* | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## ORDER

*Pro se* Plaintiff Willie James Atmore, a pretrial detainee currently confined at Central State Hospital in Milledgeville, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1.

### INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff has filed an over one hundred (100) page complaint in which he repeatedly rewrites a standard order of referral used by this Court and includes illegible text in the headings and margins. *See* ECF No. 1. A complaint that cannot be clearly read is subject to dismissal. *See, e.g.*, *Jackson v. Santa Rosa Corr. Inst.*, No. 3:23CV11741-LC-HTC, 2023 WL 6305812, at *2 (N.D. Fla. Sept. 13, 2023), *report and recommendation adopted*, No. 3:23CV11741-LC-HTC, 2023 WL 6299097 (N.D. Fla. Sept. 27, 2023); *Scibelli v. Lebanon County*, 219 F. App'x 221, 222

(3d Cir. 2007) (affirming dismissal of a complaint which was "exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotations and alteration omitted).  Indeed, it is difficult to ascertain whether Plaintiff has raised any type of constitutional claim against any actionable Defendant[1].  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Therefore, the Court finds that Plaintiff has failed to comply with Rule 8 of the

---

[1] It appears that Plaintiff may be naming a United States magistrate judge, a state court judge, a prosecutor, and a public defender as defendants.  See ECF No. 1 at 1, 4.  Judges and prosecutors are immune from liability for § 1983 claims.  *See Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)) ("'[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'"); *Allen v. Florida,* 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'").  Furthermore, 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995).  A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State.  *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981).  Specifically, public defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding. *Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006); Wahl v. McIver*, 773 F.2d 1169, 1173 *Dodson*, 454 U.S. at 325 (holding that "a public defender does not act under color of state law").

2

Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks". The Court further finds that Plaintiff has run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances.[2] In short, Plaintiff's pleading is a typical shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). Moreover, a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th

---

[2] It appears that Plaintiff may be bringing claims about his criminal prosecution in the Superior Court of Bibb County and also against medical providers for the conditions of his confinement at Central State Hospital. Plaintiff is advised that these claims are unrelated and joining unrelated claims and defendants in a single action is impermissible. *See generally* Fed. R. Civ. P. 20.; *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016); *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013). As the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . .".

Cir.2006).  The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).  The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).  Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources."  *Id.* (citation omitted).  The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it states a claim for which relief may be granted and complies with the Federal Rules of Civil Procedure.  *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").  Rather than recommending dismissal of this complaint out right, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required

4

district courts to sua sponte allow a litigant one chance to remedy such deficiencies");
*Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his current incarceration. If the Plaintiff wishes to pursue unrelated claims, then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this Defendant's actions or inactions?

(5)    What relief do you seek from this Defendant?

Plaintiff is to thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  Plaintiff should take care to write his complaint legibly and logically so that the Court can read it and understand it.  He is not to rewrite or otherwise include previous orders of the Court as he has done here.  If the Court cannot read or understand his complaint then it will be dismissed.

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's amended complaint will take the place of his original complaint.  In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim. Plaintiff should state his claims as simply as possible in his recast complaint referring only to the relevant allegations against the named defendants in this case.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may

dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.")) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law to state a claim unless absolutely necessary to clarify a claim. Plaintiff is not to include any exhibits or attachments. ***The recast complaint must be no longer than ten (10) pages in its entirety***.

### CONCLUSION

Plaintiff is **ORDERED** to recast his complaint on the Court's standard § 1983 form as instructed. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint to the Court. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number).

**SO ORDERED and DIRECTED**, this 6th day of March, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

7