IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE JAMES ATMORE,                     :
                                         :
            Plaintiff,                    :
                                         :
      v.                                  :     Case No. 5:26-cv-00041-CAR-CHW
                                         :
Judge DAVID L. MINCEY, III.,             :
Public Defender MEGAN TUTTLE,            :
ADA ROBERT COLLINS, III.,                :
Judge SINCLAIR, [1]                      :
                                         :
            Defendants.                   :
                                         :
                                         :

DISMISSAL ORDER

*Pro se* Plaintiff Willie James Atmore, a pretrial detainee currently confined at

Central State Hospital in Milledgeville, Georgia, filed a complaint under 42 U.S.C. § 1983.

ECF No. 1.  Plaintiff was ordered to file a recast complaint.  ECF No. 4.  Plaintiff has filed

his recast complaint.  ECF No. 5.  Plaintiff seeks leave to proceed *in forma pauperis*.  ECF

No. 2.  However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he

may not proceed *in forma pauperis*.  Leave to proceed *in forma pauperis* is therefore

---

[1] In the order to recast, Plaintiff was informed that his recast complaint would take the place of his original complaint.  ECF No. 4 at 6.  Thus, Plaintiff's recast complaint (ECF No. 5) is now the operative pleading in this civil action. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity").  In his recast complaint, Plaintiff has removed Judge Alfreda Sheppard as a Defendant and added Bibb County Judge Sinclair as a new Defendant.  ECF No. 5 at 1 and 4.  The Clerk of Court is thus **DIRECTED** to terminate Judge Alfreda Sheppard and add Bibb County Judge Sinclair as a Defendant to this civil action.

**DENIED** and this complaint is **DISMISSED without prejudice** for the reasons set forth below.

### I.   DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis:*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision."

Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal

lawsuits while incarcerated and at least three of his complaints were dismissed as frivolous, malicious, or for failure to state a claim. *See* Order Dismissing Compl., *Atmore v. Stembridge*, No. 5:06-cv-326-WDO-CWH (M.D. Ga. Sept. 21, 2006), ECF No. 4 (order dismissing complaint as frivolous and/or failure to state a claim); *Atmore v. Stembridge*, No. 5:06-cv-325-WDO-CWH (M.D. Ga. Sept. 27, 2006), ECF No. 4 (order dismissing complaint as frivolous); *Atmore v. Bibb Cnty. Sheriff's Dept.*, No. 5:06-cv-327-DF-CWH (M.D. Ga. Oct. 31, 2006), ECF No. 10 (order dismissing complaint as frivolous).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). "[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id*. (citation omitted).  Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted).  "[G]eneralized references to being in danger or being subject to abuse,

. . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at \*3 (N.D. Fla. July 5, 2023).

Here, Plaintiff complains about his criminal court proceedings in Bibb County and about being found to be incompetent to stand trial for his state criminal charges. ECF No. 5. Nowhere in Plaintiff's complaint does he provide any specific or nonfrivolous facts suggesting that he is in imminent danger of suffering any serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and this complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

### II. DISMISSAL PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." . "*Pro se* filings are generally held to a less

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that the filing fee must be paid at the time the suit is initiated. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee. *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).

stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id*. (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

Here, Plaintiff names two Bibb County Judges, a public defender, and a prosecutor as Defendants to his lawsuit. ECF No. 5 at 1 and 4. As Plaintiff was advised in the order to recast, Judges, prosecutors, and public defenders are not actionable defendants to his § 1983 claims. *See* ECF No. 4 at 2. To be more specific, "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" *Allen v. Florida,* 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction." *Id*. (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Determination of whether an act is "judicial," depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with a judge in his judicial capacity". *Blough v. Silberman*, 702 F. App'x 927, 928 (11th Cir. 2017) (citing *Mireles*, 502 U.S. at 12). Determining whether

6

criminal charges can proceed in court, whether criminal charges can be dead docketed, and whether an accused person is competent to stand trial are functions normally performed by judges.    Accordingly, judicial immunity applies and Plaintiff's § 1983 claims as to Defendants Judge Sinclair and Judge Mincey are thus subject to dismissal.

A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State.  *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981).  Specifically, public defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding. *Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006); Wahl*, 773 F.2d at 1173; *Dodson*, 454 U.S. at 325 (holding that "a public defender does not act under color of state law").  As stated above, 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law.  *Hale*, 50 F.3d at 1581.  Thus, the Defendant Public Defender Megan Tuttle was not acting under color of state law in representing Plaintiff in his criminal proceedings and, therefore, is not liable under 42 U.S.C. § 1983.  Accordingly, Plaintiff's claims as to Defendant Tuttle is subject to dismissal for failure to state a claim.

As to Defendant ADA Robert Collins, III., the law is clear: "'[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'" *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).  For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing

exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions". *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir.2009) (internal quotation marks and citation omitted). Here, Plaintiff's general claims against Defendant Collins fall squarely within the domain of prosecutorial immunity from § 1983 suits. Accordingly, Plaintiff's claims against Defendant Collins are subject to dismissal.

In sum, because Plaintiff has failed to name any actionable defendants to his § 1983 claims, this civil action is also **DISMISSED without prejudice** pursuant to 1915A(b)(2) for failure to state a claim for which relief may be granted.

### III. CONCLUSION

Because Plaintiff has accrued three strikes and because his allegations do not demonstrate that he is in imminent danger of suffering any serious physical injury, Plaintiff may not proceed *in forma pauperis* in this action and this action is **DISMISSED WITHOUT PREJUDICE pursuant to** 28 U.S.C. § 1915(g).  Furthermore, none of Plaintiff's named Defendants are actionable parties to the claims he raises in his § 1983 lawsuit, therefore, Plaintiff's complaint is also **DISMISSED without prejudice** pursuant to 1915A(b)(2) for failure to state a claim for which relief may be granted.

**SO ORDERED,** this 31st day of March, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT